## THE STATE *v.* JOSEPH J. CAPERS.

In an indictment, if the time and place be stated with grammatical certainty so as to exclude the possibility of the commission of the crime at any other time or place, a repetition of the phrases " *then* and *there*" is not required.

APPEAL from the District Court of East Baton Rouge, *Burk*, J. *R. G. Beale*, for the State, contended : *Joseph J. Capers* was indicted for inveigling, stealing and carrying away a slave. The jury, by which the cause was tried, returned a verdict of guilty. Subsequently, a motion for a new trial and also for arrest of judgment was filed by the counsel for defendant. Several grounds were set forth, only one of which was considered or acted on by the judge *a quo*, to wit: "The place where the offence was committed is not charged with sufficient certainty." Upon this ground the motion was sustained. From this judgment the district attorney has appealed.

The part of the indictment objected to as insufficient, is as follows: " Then and there being found did feloniously and wickedly inveigle, steal and carry away." The counsel for defendant contended that the offence was not sufficiently charged, because the words " *then* and *there*" are not repeated before the words inveigle, steal and carry away.

We think that the court erred in sustaining the motion in arrest of judgment, because the offence was set forth with such certainty and precision as is required by the law in such cases. The words " *then* and *there*," as used in the indictment, apply not only to the being found, but to the inveigling, stealing and carrying away. There being no stop or division of the sentence which would authorize the deduction that the meaning of the words " *then* and *there*" was intended to be restricted to the qualification of the being found.

In cases of murder it is necessary to say " *then* and *there*" did make an assault, and to repeat the words " *then* and *there*" before the striking. The reason for this strictness is obvious; for to make out the case, it is necessary that the striking should be coupled with the malice and the assault—all being essential in connection; for if the blow was given at another time of the day even it would not be sufficient.

In larceny the case is different, no such strictness being required; it only being necessary to charge the offence with such certainty, that the accused might know to what charge he was called to answer, and with such certainty

that the accused would not be in danger of being called on to defend himself a second time for the same offence.

The repetition of the words "*then* and *there*," as decided to be necessary by the judge *a quo*, is not required by the authors on criminal law. Archbold's Criminal Pleading, 204—*Form of Indictment for Larceny*. And we think that this strictness is dispensed by the statute of Louisiana, by which the common law was adopted in criminal proceedings.

*Andrew S. Herron*, for the accused, contended: There is only one point in this case, which is, that the place where the offence was committed is not charged in the indictment. The court will perceive that the words of the indictment are, "the said slave *Betsy* then and there being found, did steal," &c. This is uncertain and insufficient, the "*then* and *there*" referring to the slave being in the parish, and not to her being stolen there. The indictment must charge the place where the offence was committed with precision and certainty. Blackstone's Com. p. 306, vol. 4.

If, in an indictment for murder, it be stated, " J. S. at such a time and place, having a sword in his right hand, did strike J. N." &c., it is insufficient. Archbold's Crim. Pleadings, p. 37, vide *Indictments*, p. 191, 197, 198, 199. The judgment should be affirmed.

The judgment of the court was pronounced by

PRESTON, J. The defendant was indicted and found guilty of stealing a slave. A motion in arrest of judgment, on the ground that the place where the offence was committed was not charged with sufficient certainty, was sustained, and the State has appealed.

In support of the motion, it is stated that the words of the indictment are : "one slave named *Betsy*, of the value of $400, the property of *John Buhler*, then and there being found did feloniously and wickedly inveigle and steal, and carry away." It is urged, that to render the time and place of the theft sufficiently certain, the adverbs *then* and *there*, should have been repeated before the words did inveigle and steal and carry away, so as to read *then* and *there* being found, did *then* and *there* inveigle, steal and carry away; for if not, the slave being *then* and *there* found, the accused might have stolen her elsewhere or at another time.

The finding of the slave was a mere circumstance attending the felonious act, and not the felonious act charged itself; and as this circumstance is stated with certainty as to time and place, and the felonious act immediately referred to it, we are inclined to think, that with this reference alone, the time and place of the felonious act itself was stated with sufficient certainty.

Be that as it may, when the whole charge is read, we find that the grand jurors did present "that *Joseph J. Capers*, on the 6th day of December, 1849, at the parish of East Baton Rouge, in the Sixth *Judicial District*, the slave named *Betsy*, then and there being found, did feloniously and wickedly inveigle, steal and carry away." This presentment of time, the 6th of December, 1849, and of place, at the parish of East Baton Rouge, is antecedent to and directly qualifies the charge "did inveigle, steal and carry away." The time and place specified are antecedents of nothing else than the main charge. So that it is charged with absolute certainty that the accused did inveigle, and steal and carry away the slave on the 6th of December, 1849, at the parish of East Baton Rouge, so as to exclude the possibility that the felonious act was done at any other time or place. The indictment could not possibly, therefore, have more certainty as to time and place.

The authorities referred to by the counsel of the accused, are not applicable to the present case. They intend to establish this principle, that when it requires a number of distinct facts, supposed to have been done at the same time, to constitute a crime, the time and place of the first act being stated, it would be

necessary to refer the other acts to the same time and place by the words *then* and *there*. For example, if to constitute the offence charged, it was necessary to inveigle, and to steal and to carry away the slave, it is supposed the time and place of the inveigling should be stated, and that the accused *then* and *there* stole, and *then* and *there* carried away the slave. But even in this case, since the referrence of the other acts to the time and place of the first, by the copulative conjunction, would be attended with grammatical accuracy, and all the certainty used by the most exact men in their ordinary transactions, we can see no reason why the language should be incumbered, and the charges clouded by the repetition of the adverbs.

If, however, the repetition should be held necessary in the case supposed, it is not required in the present indictment; for the statute makes each fact alleged the completion of the crime. The words are, "whoever shall inveigle, steal or carry away," &c. Even then, if legal tautology is required, where several acts are necessary to constitute a crime, it cannot be necessary in the present indictment, where the inveigling charged of itself by the statute constitutes the offence, and which act the time and place stated unquestionably qualifies.

The judgment of the district court is therefore reversed; the motion in arrest of judgment overruled, and the case remanded for further proceedings according to law; the appellee to pay the costs of the appeal.